[Civ. No. 6756. Second Appellate District, Division One.—January 19, 1932.]

CHARLES C. PIERCE et al., Respondents, v. FRANK C. HILL et al., Appellants.

Frank C. Hill, *in pro. per.*, and George S. Hupp for Appellants.

Sawyer & Cluff and Wilbur Bassett for Respondents.

HOUSER, J.—This appeal is taken from an order or judgment entered in favor of the petitioners for a peremptory writ of mandate directed to the appellants herein by which each of them, as the president and the secretary, respectively, of the California & Eastern Steamship Company, a corporation, was directed to permit said petitioners as stockholders therein to inspect and examine the corporate records of said corporation.

As in force at the date of the judgment, such a right in a *bona fide* stockholder of a corporation was secured to him by the provisions of section 377 of the Civil Code. However, said statute also contained the limitation upon

such right that "the board of directors may, by unanimous vote, deny such examination or inspection to a stockholder who demands the same with intent to use to the injury of the corporation the information to be acquired thereby, . . . ".

From the record herein it appears that, based upon its conclusion that the examination and inspection of the records of the corporation was sought by the stockholders "with intent to use to the injury of the corporation",— by the unanimous vote of the *"executive committee"* of the board of directors, the request of the stockholders to examine and to inspect such records was denied.

In that connection it is contended by appellants that the unanimous refusal by the executive committee was identical with a like refusal which might have been made by the board of directors. However, in terms the statute contains no such provision. No matter how inclusive the power granted by the articles of incorporation, or by order of the board of directors to its executive committee, it is apparent that such a delegation of authority could not enlarge the power as indicated by the language of the statute so as to infringe upon the positive rights thus secured to the stockholder. Unless otherwise authorized by statute, the law clearly contemplates generally that a corporation shall be governed by its board of directors. It may be conceded that in proper circumstances the delegation of such power to subordinate agents may be conclusive upon the corporation; but it is manifest that a statutory right conferred upon third persons could neither be denied to them, nor its effect abridged, by reason either of a direct or an implied attempt by the corporation, acting through its board of directors, to do so. Considering the words of the statute in question, the right of the stockholder to examine and to inspect the records of the corporation is absolute, with the exception that in given conditions such right may be withheld or refused by reason of the unanimous lawful action of the members of a specified body, to wit, the board of directors. By the terms of the statute, the stockholder is entitled to have his request for such an inspection determined by the body designated by the statute, and by none other, however great the authority of any other corporate agency may be either with reference to corporate or other matters. A refusal by

any majority of the board present at a meeting thereof could not amount to a compliance with the condition prescribed by the statute. Were it otherwise, it might be possible for a board of directors composed of any number of persons to constitute its president, or any other person, the "executive committee" of the corporation; and his refusal of a demand made by a stockholder for an inspection of the corporate records would be final and conclusive. To construe the statute in accordance with ·the contention of appellants would require the interpolation therein of words which in effect would be subversive of the intent of the statute as indicated by its language. It cannot be sustained.

But appellants urge (with authorities cited) that because the corporation is engaged in interstate commerce it is exempt from the provisions of the statute by virtue of which respondents claim the right in question. Considering the circumstances here present, such contention is open to at least· two separate answers thereto. In the first place, the record herein discloses the undisputed fact that for a period of over five months next preceding the demand of respondents that they be permitted to examine and to inspect· the records of the corporation, said corporation had transacted no interstate business; nor during such time had it transacted elsewhere or at all any business of any kind whatsoever. In the case of *Honduras Commercial Co.* v. *State Board of Assessors,* 54 N. J. L. 278 [23 Atl. 668], it is held that before a corporation may successfully invoke the general rule to which appellants refer, it must appear not only that it has the authority to engage in interstate commerce, but that it is *actually* so engaged. But secondly, even in a situation wherein it might appear that at the time the demand was made by the stockholder the corporation was actually engaged in interstate commerce, the exception to the general rule is "that a state may legislate with reference to local needs, although interstate commerce is affected, where the matter regulated is not of a national character and does not admit of nor require a uniform system of regulation, and where there has been no congressional legislation in respect thereto, . . . " (12 Cor. Jur. 16.) And, again in the same volume of Corpus Juris, at page 118, where many authorities are cited and illustrations presented, in effect the law is declared to be that,

although in general the rule is that where Congress has passed a statute which covers the subject matter in dispute, it is not only supreme and paramount in character, but also exclusive of state law on the same subject (12 Cor. Jur. 17), "on the other hand, state statutes which pertain to civil remedies and which only indirectly relate to or affect interstate commerce, are not invalid as interfering with interstate commerce".

The attention of this court has been directed to no federal statute which purports to affect the question here at issue. On the other hand, it is obvious that the state statute under which respondents claim the right here contested by appellants pertains solely to a "civil remedy", and as such, according to the weight of authority, its validity and effect may not be successfully questioned.

The judgment or order is affirmed.

Conrey, P. J., and York, J., concurred.